UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRADLEY WHEELER,<br><br>      Petitioner,<br><br>vs.<br><br>AL RAMIREZ, THE STATE OF IDAHO, and THE PRISONS' PARALEGALS,<br><br>      Respondent. | Case No. 1:19-cv-00457-CWD<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Bradley Wheeler filed a Petition for Writ of Habeas Corpus challenging his state court conviction and sentences (including an enhancement). (Dkt. 2.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 4, 6, 7.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

  Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section

**INITIAL REVIEW ORDER - 1**

2254 Cases. With rare exceptions not present in this case, a prisoner is entitled to file only one federal habeas corpus action per conviction. *See* 28 U.S.C. § 2244(a).

Having reviewed the Petition, the Court concludes that Petitioner may not proceed in this federal habeas corpus action because he has another federal habeas corpus action pending in this Court challenging the same conviction and sentences and containing the same claims.

## REVIEW OF PETITION

1. **Background**

In a criminal action in the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted by jury of battery on a sheriff's deputy and of being a persistent violator. He pursued a Rule 35 motion for reduction of sentence, a direct appeal, and a post-conviction action, but received no relief in state court.

Petitioner filed three federal habeas corpus actions that remain pending in this Court: Case No. 1:19-cv-00215-REB, Case No. 1:20-cv-00056-REB, and this one.

2. **Review of Claims**

Petitioner's first claim is that Deputy Ryan Regis, the victim in the criminal case, attacked Petitioner in his cell, lied, and formed a wrongful charge against him. This claim is being pursued in a prior federal habeas corpus case, Case No. 1:19-cv-00215-REB. It cannot be pursued in this action, and, therefore, the claim is subject to dismissal without prejudice.

**INITIAL REVIEW ORDER - 2**

Petitioner's second claim is that he told his attorney to poll the jury and check to see whether the jurors had accepted a bribe, but his attorney refused to do so. This claim also is being pursued in a prior federal habeas corpus case, Case No. 1:19-cv-00215-REB. It cannot be pursued in this action, and, therefore, it will be dismissed without prejudice.

Petitioner's third claim is that Deputy Regis stole Petitioner's personal property from his cell. This claim (regardless of whether it is a cognizable habeas corpus claim) is included in Case No. 1:19-cv-00215-REB and cannot be pursued in this case.

Petitioner's remaining claims of stolen personal property, cold showers, denial of indigent legal supplies, denial of visitation, and denial of dayroom time sound in civil rights, not habeas corpus, because they do not challenge the grounds for his custody. If Petitioner desires to convert this action into a civil rights action, he may do so by filing an amended complaint, an in forma pauperis application, and a prison trust account statement in this action within 30 days after entry of this Order.

3. **Instructions for Amendment**

If Plaintiff chooses to file an amended complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive

screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

**INITIAL REVIEW ORDER - 4**

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). If Plaintiff fails to file anything further, his civil rights claims will be dismissed with prejudice (meaning they cannot be brought again), pursuant to Federal Rule of Civil Procedure 41(b).

## ORDER

**IT IS ORDERED:**

1. The following claims are DISMISSED without prejudice to Petitioner pursuing them in Case No. No. 1:19-cv-00215-REB: (1) Deputy Ryan Regis, the victim in the criminal case, attacked Petitioner in his cell, lied, and formed a wrongful charge against him; (2) Petitioner's attorney failed to poll the jury and check to see whether the jurors had accepted a bribe; and (3) Deputy Regis stole Petitioner's personal property from his cell.

2. Petitioner may not proceed on his other claims in a federal habeas corpus action. If he desires to file a motion to amend with a proposed amended complaint, he must do so within **30 days** after entry of this Order.

3. Petitioner may not proceed *at all* in this action unless he either (1) files an application for in forma pauperis status and a current prison trust account

statement, or (2) he pays the filing fee of $350.00. He must take one of these actions within **30 days** after entry of this Order.

4. Petitioner is warned that failure to take action in this case as ordered above will result in dismissal of this entire case—the duplicate habeas corpus claims without prejudice, and the civil rights claims with prejudice—under Federal Rule of Civil Procedure 41(b). No further notice of dismissal will be given.

DATED: July 2, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge